# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SHYDA STINE**                                                                                           **PLAINTIFF**

**V.**                                    **NO. 4:22-cv-784-LPR-ERE**

**DOES and ELKIN**                                                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation for the dismissal of Ms. Stine's claims has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Background:

Patricia Jimenz, an inmate at the Yell County Jail ("County Jail"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of herself, Crystal A. Plant, Haley McHam, Amanda Scott, Shyda Stine, and Amber Wallace. *Doc. 1*. Pursuant to Court

policy, the Court opened five different lawsuits, including this one for Plaintiff Shyda Stine.

## III. Screening:

In the original complaint, Ms. Jimenz alleged that: (1) the conditions of *her* confinement were unconstitutional; (2) County Jail staff failed to provide inmates medication and medical treatment; and (3) County Jail staff denied inmates access to the commissary. There were no allegations about how the unidentified staff members violated *Ms. Stine's* constitutional rights, which is the only issue in this lawsuit. In addition, the complaint failed to identify any Defendant by name. *Doc. 1 at 3*.

In a September 14, 2022 Order, the Court advised Ms. Stine that it would postpone the screening process mandated by 28 U.S.C. § 1915A[1] to give her an opportunity to file an amended complaint to clarify *her* constitutional claims. *Doc. 4*. The Order gave Ms. Stine thirty days to file an amended complaint specifically: (1) including only those constitutional claims arising from the same transaction or occurrence; (2) identifying and naming as Defendants those individuals who

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*personally* violated her constitutional rights; and (3) explaining the injury she suffered as a result of each Defendant's unconstitutional conduct.

On October 18, 2022, Ms. Stine filed an amended complaint. *Doc. 5*. In her amended complaint, Ms. Stine alleges that Dr. Elkin refused to provide her medical treatment and verbally harassed her. On October 19, 2022, the Court entered an Order explaining why the amended complaint was deficient. *Doc. 7*.

As the Court explained in its October 19th Order, Ms. Stine's amended complaint fails to explain: (1) what serious medical need she suffers from; (2) whether Dr. Elkins was aware of her need for medical treatment; and (3) what injury she suffered as a result of Dr. Elkin's failure to provide her medical treatment.[2] *Id. at 7*. In addition, taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension. *Id. at 2-3*; see *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a

---

[2] Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness). Likewise, disagreement with treatment decisions cannot support a deliberate indifference claim. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018) (reiterating that inmates have no right to a particular or requested course of treatment, and a mere difference over matters of expert medical judgment or the course of treatment do not amount to a constitutional violation).

constitutional violation).

In its October 19th Order, the Court gave Ms. Stine an additional thirty days to file a second amended complaint and warned her that if she failed to file one, it would screen her amended complaint, which would likely result in the dismissal of this case. *Doc. 7 at 3*.

To date, Ms. Stine has not filed a second amended complaint clarifying her constitutional claims, and the time for doing so has passed. Accordingly, the Court must screen Ms. Stine's amended complaint. Based on the deficiencies outlined above and in the October 19th Order, Ms. Stine's amended complaint fails to state a plausible constitutional claim for relief against Defendant Elkin or any Doe Defendant. Accordingly,

## IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Ms. Stine's amended complaint be DISMISSED, without prejudice, based on her failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 22nd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE